UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**MARTHA AKERS**,

    Appellant,

    v.

**1368 H STREET LLC**,

    Appellee.

Case No. 17-cv-1778 (CRC)

## MEMORANDUM OPINION

Pro se appellant Martha Akers noticed appeals from orders issued in two adversary proceedings in the Bankruptcy Court against 1368 H Street, LLC.[1] Pursuant to Federal Rule of Bankruptcy Procedure 8018(a), her opening brief was initially due October 16, 2017, 30 days after the docketing of the record. That day, Akers filed a motion for an extension of time. The Court granted her motion, extended the deadline for her opening brief two weeks until November 3, 2017, and warned that no further extensions would be granted. See Minute Order (Oct. 20, 2017). Nonetheless, Akers filed a second request for an emergency stay because of medical issues on November 3, 2017. The Court granted her another five-week extension—the period of time the documentation for her motion stated she would need—moving her due date to December 11, 2017, and again warned that this would be the last extension granted. See Minute Order (Nov, 27, 2017).

When Akers failed to timely file her opening brief, the Court issued an order on January 2, 2018, directing Akers to show cause in writing by January 19, 2018 as to why her case should

---

[1] While the target of the appeals is not precisely clear from the rather inscrutable appeals notice in the record, in this case it appears to challenge the Bankruptcy Court's denial of a motion to recuse the court due to alleged bias against appellant.

not be dismissed. See Minute Order to Show Cause (Jan. 2, 2018). It reiterated this deadline to Akers once more in a minute order issued on January 4, 2018 regarding an unrelated motion. Akers has failed to either file her opening brief or otherwise respond to the Court's order to show cause.

Under Bankruptcy Rule 8018(a)(4), if an appellant "fails to file a brief on time or within an extended time authorized by the district court . . . the district court . . . after notice, may dismiss the appeal on its own motion." Prior to doing so, the Court must generally "provide notice of the potential dismissal and an opportunity for the errant litigant to explain its conduct." English-Speaking Union v. Johnson, 353 F.3d 1013, 1022 (D.C. Cir. 2004).

Pursuant to its authority under Rule 8018(a)(4), the Court will dismiss the appeals filed by Akers of her adversary proceedings. Akers' opening brief was due nearly two months ago, on December 11, 2017, following two extensions by the Court. As required, the Court warned Akers that the failure to file her opening brief or respond to the Court's order—the deadline for which to do so passed over a week ago—could result in dismissal. Akers neither filed her opening brief nor otherwise responded to the Court's order. Finally, the Court concludes that it is in the interests of justice to dismiss this case. Akers' failure to file her opening brief is part of a larger pattern of failure to meet deadlines spanning several months rather than a slight delay or basic procedural error.

For the foregoing reasons, the Court will dismiss Akers' case for failure to file any opening brief, pursuant to Bankruptcy Rule 8018(a)(4). A separate Order will accompany this memorandum opinion.

CHRISTOPHER R. COOPER
United States District Judge

Date: January 31, 2018